Jeremy Richardson
MICHELMAN & ROBINSON, LLP
800 Third Avenue, 24th Floor
New York, NY 10022
Phone: 212-730-7700
Fax: 212-730-7725
jrichardson@mrllp.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHAEL CETTA, INC., d/b/a SPARKS STEAK HOUSE,

          Plaintiff,

    -against-

ROUTE 202 RESTAURANT LLC d/b/a SPARK VALLEY STEAK HOUSE,

          Defendant.

Civil Action No. 1:17-cv-06131 (KBF)(GWG)

## COMPLAINT FOR TRADEMARK INFRINGEMENT and
## RELATED CAUSES OF ACTION

Plaintiff Michael Cetta, Inc., d/b/a Sparks Steak House ("Sparks Steak House"), by and through

its attorneys, Michelman & Robinson, LLP, complains and alleges against defendant Route 202

Restaurant LLC d/b/a Spark Valley Steak House ("Spark Valley Steak House") as follows:

### NATURE OF THE ACTION

1.      This is an action for trademark infringement (15 U.S.C. §1114, Lanham Act §32), false

designation of origin (15 U.S.C. §1125(a), Lanham Act §43(a)), trademark dilution (15 U.S.C.

§1125(c), Lanham Act §43(c)), injunctive relief (15 U.S.C. §1116, Lanham Act §34), damages

(15 U.S.C. §1117, Lanham Act §35), and related causes of action brought pursuant to New York General Business Law §349 and the common law of the State of New York.

2.      Through this action, Sparks Steak House seeks injunctive relief and damages arising from Spark Valley Steak House's willful misappropriation of Sparks Steak House's famous and distinctive trademark SPARKS STEAK HOUSE by use of the confusingly similar mark SPARK VALLEY STEAK HOUSE. Sparks Steak House and Spark Valley Steak House each operate a restaurant and bar.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant is subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

5.      Sparks Steak House is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 210 E 46th Street, New York, NY 10017.

6.      Upon information and belief, Spark Valley Steak House is a domestic limited liability company organized and existing under the laws of the State of New York.

7.      Upon information and belief, Spark Valley Steak House has a principal place of business located at 2501 Amawalk Road, Yorktown Heights, New York 10589.

4822-0304-6732, v. 1

8.      According to information on file with the New York State Department of State, Division of Corporations, the address to which the Department of State will mail process on behalf of Spark Valley Steak House is 2501 Amawalk Road, Yorktown Heights, New York 10589.

9.      Upon information and belief, Spark Valley Steak House wholly owns and operates a restaurant and bar which operates under the name SPARK VALLEY STEAK HOUSE.

10.     Upon information and belief, Elvis Cutra is a member of Spark Valley Steak House.

11.     Elvis Cutra formerly was a waiter employed by Sparks Steak House.

12.     Upon information and belief, Klevis Tana is a member of Spark Valley Steak House.

13.     Upon information and belief, Kujtim Zerka Hadzijaj is a member of Spark Valley Steak House.

## FACTUAL BACKGROUND

14.     For more than fifty years, Sparks Steak House has operated a restaurant and bar under the name SPARKS STEAK HOUSE.

15.     Sparks Steak House has for many years used, and continues to use, the SPARKS STEAK HOUSE name at its restaurant, on its menu, on its website and on other materials.

16.     Sparks Steak House has devoted substantial resources to promoting the goodwill of its SPARKS STEAK HOUSE trademark in connection with restaurant and bar services. As a result, the SPARKS STEAK HOUSE trademark has become a famous mark in the United States and especially throughout the New York City metropolitan area.

17.     The SPARKS STEAK HOUSE name has become synonymous with fine dining and excellent attention to its diners.  Sparks Steak House has long been recognized as a leader in premium, high quality dining and service.  Restaurantgoers identify Sparks Steak House as an excellent dining experience.

18.     Sparks Steak House is the owner of the SPARKS STEAK HOUSE name.

3

19.     Sparks Steak House applied to the U.S. Patent and Trademark Office (the "USPTO") for a registration for the trademark SPARKS STEAK HOUSE.

20.     The USPTO granted a trademark registration for the SPARKS STEAK HOUSE name under Registration No. 5081193. Attached hereto as Exhibit A is a true and correct copy of the trademark registration information for the SPARKS STEAK HOUSE trademark as found on the USPTO's website.

21.     As a former waiter at SPARKS STEAK HOUSE, Elvis Cutra undoubtedly is aware: (i) that the SPARKS STEAK HOUSE trademark is a valuable name; (ii) that patrons of Sparks Steak House identify the SPARKS STEAK HOUSE trademark with excellent cuisine and a fine dining experience; and (iii) that the SPARKS STEAK HOUSE trademark has acquired considerable good will.

22.     Spark Valley Steak House's restaurant and bar, operated under the name SPARK VALLEY STEAK HOUSE, is located at 3360 Old Crompond Road, Yorktown Heights, NY 10598.

23.     The use of the SPARK VALLEY STEAK HOUSE name by Spark Valley Steak House has caused, or is likely to cause, confusion among restaurant and bar patrons into believing that the SPARK VALLEY STEAK HOUSE restaurant and bar is affiliated with the SPARKS STEAK HOUSE restaurant and bar when in fact there is no such affiliation.

24.     The use of the SPARK VALLEY STEAK HOUSE name by Spark Valley Steak House has tarnished or is likely to tarnish the SPARKS STEAK HOUSE trademark.

25.     Upon information and belief, the decision by Spark Valley Steak House to operate a restaurant and bar under the SPARK VALLEY STEAK HOUSE name was made with

4822-0304-6732, v. 1

knowledge of the existence, value and goodwill attributed to the SPARKS STEAK HOUSE trademark.

26.     Upon information and belief, the decision by Spark Valley Steak House to operate a restaurant and bar under the SPARK VALLEY STEAK HOUSE name was made with the intention of benefitting from the value and goodwill attributed to the SPARKS STEAK HOUSE trademark.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under § 32 of the Lanham Act

27.     Sparks Steak House repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

28.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

29.     The SPARKS STEAK HOUSE trademark is registered with the USPTO.

30.     The SPARKS STEAK HOUSE trademark is inherently distinctive and is associated in the mind of the public with Sparks Steak House.

31.     Spark Valley Steak House has used and continues to use the SPARK VALLEY STEAK HOUSE name without the consent or authorization of Sparks Steak House.

32.     Spark Valley Steak House's use of the SPARK VALLEY STEAK HOUSE name in connection with the operation of a restaurant and bar is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Spark Valley Steak House's bar and restaurant and bar is operated by, licensed by, or otherwise affiliated with Sparks Steak House.

33.     Through its unauthorized use of the SPARK VALLEY STEAK HOUSE name, Spark Valley Steak House is unfairly benefiting from Sparks Steak House's goodwill and reputation, as well as the fame of the SPARKS STEAK HOUSE trademark.  This has resulted in substantial and irreparable injury to Sparks Steak House.

**SECOND CLAIM FOR RELIEF**
**False Designation of Origin Under § 43(a) of the Lanham Act**

34.     Sparks Steak House repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

35.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, inter alia, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

36.     Sparks Steak House's experience, care and service in providing its customers with an excellent and highly desirable dining experience, has resulted in Sparks Steak House being widely known and has acquired a reputation for excellence. Further, SPARKS STEAK HOUSE trademark has come to symbolize the reputation for quality associated with the Sparks Steak House dining experience.

37.     By operating a competing bar and restaurant under the SPARK VALLEY STEAK HOUSE name, Spark Valley Steak House has falsely implied an affiliation with Sparks Steak House that is likely to cause confusion, mistake or deception as to the affiliation or connection of Spark Valley Steak House with Sparks Steak House and as to the origin, sponsorship, association

4822-0304-6732, v. 1

or approval of the restaurant and bar operated by Spark Valley Steak House in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     The wrongful acts of Spark Valley Steak House will continue unless enjoined by this Court.

39.     The acts of Spark Valley Steak House have caused, and will continue to cause, irreparable injury to Sparks Steak House. Sparks Steak House has no adequate remedy at law and is thus damaged in an amount not yet determined.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution Under § 43(c) of the Lanham Act

40.     Sparks Steak House repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

41.     Sparks Steak House is the exclusive owner of the SPARKS STEAK HOUSE trademark.

42.     The SPARKS STEAK HOUSE trademark is strong and distinctive in that it has been in use for over fifty years and has achieved widespread public recognition.

43.     The SPARKS STEAK HOUSE trademark is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

44.     Spark Valley Steak House's use of the SPARK VALLEY STEAK HOUSE name, without authorization from Sparks Steak House, is diluting the distinctive quality of the SPARKS STEAK HOUSE trademark and decreasing the capacity of the mark to identify and distinguish Sparks Steak House's services.

45.     Spark Valley Steak House has intentionally and willfully diluted the distinctive quality of the famous SPARKS STEAK HOUSE trademark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

46.     Upon information and belief, by its acts, Spark Valley Steak House has made and will make substantial profits and gains to which it is not in law or equity entitled.

47.     Upon information and belief, Spark Valley Steak House intends to continue its willfully infringing acts unless restrained by this Court.

48.     Spark Valley Steak House's acts have damaged and will continue to damage Sparks Steak House, and Sparks Steak House has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**Common Law Injury To Business Reputation**

49.     Sparks Steak House repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

50.     Spark Valley Steak House's wrongful use of SPARK VALLEY STEAK HOUSE name creates a likelihood of injury to Sparks Steak House's business reputation because persons encountering the SPARK VALLEY STEAK HOUSE restaurant and bar will believe that the SPARK VALLEY STEAK HOUSE restaurant and bar is affiliated with or related to or has the approval of Sparks Steak House.  Any adverse reaction by the public to the SPARK VALLEY STEAK HOUSE restaurant and bar, and the quality of its food and services, will injure the business reputation of Sparks Steak House and the goodwill that it enjoys in connection with its SPARKS STEAK HOUSE trademark.

**FIFTH CAUSE OF ACTION**
**Deceptive Acts and Practices Under § 349 of New York General Business Law**

51.     Sparks Steak House repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of all previous paragraphs.

52.     Spark Valley Steak House is engaged in the sale and promotion of restaurant bar and services bearing the name and other source-identifying indicia that are careful and intentional imitations of the SPARKS STEAK HOUSE trademark.  Spark Valley Steak House advertises

4822-0304-6732, v. 1

and promotes the infringing name through its physical restaurant and internet website
https://www.sparkvalleysteakhouse.com.

53.     Upon information and belief, Spark Valley Steak House intends to continue to advertise and promote the infringing business.

54.     Upon information and belief, Spark Valley Steak House is well aware of the fame and strength of the SPARKS STEAK HOUSE trademark, reputation, and substantial goodwill symbolized thereby.  Accordingly, Spark Valley Steak House has engaged and continues to engage in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Sparks Steak House's right to the SPARKS STEAK HOUSE trademark.

55.     Upon information and belief, Spark Valley Steak House's pervasive use of a mark that is confusingly similar to the SPARKS STEAK HOUSE trademark is a blatant attempt to misappropriate the value or and goodwill associated with the SPARKS STEAK HOUSE trademark, and profit from the commercial advantage Sparks Steak House has established, and the wide recognition Sparks Steak House has achieved for its famous restaurant cuisine, ambiance, service, and especially the SPARKS STEAK HOUSE trademark.

56.     Upon further information and belief, Spark Valley Steak House will continue to misappropriate the SPARKS STEAK HOUSE trademark unless otherwise restrained.

57.     By the acts described above, Spark Valley Steak House has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods or services in violation of Section 349 of the New York General Business Law.

58.     Spark Valley Steak House's acts have caused, and will continue to cause, irreparable injury to Sparks Steak House. Sparks Steak House has no adequate remedy at law and is thus damaged in an amount not yet determined.

4822-0304-6732, v. 1

WHEREFORE, Plaintiff Michael Cetta, Inc., d/b/a Sparks Steak House prays judgment against Defendant Route 202 Restaurant LLC d/b/a Spark Valley Steak House as follows:

1.       That Spark Valley Steak House and its members, Klevis Tana, Elvis Cutra, and Kujtim Zerka Hadzijaj, and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Spark Valley Steak House and its members, and each of them, be preliminarily and permanently enjoined from:

      a)       using SPARK VALLEY STEAK HOUSE or any colorable imitation of the SPARKS STEAK HOUSE trademark as depicted in Exhibit A;

      b)       using any trademark that imitates or is confusingly similar to or in any way similar to "Sparks Steak House," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Sparks Steak House's food and services or its connectedness to Spark Valley Steak House.

2.       That Spark Valley Steak House be required to file with the Court and serve on Sparks Steak House within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Spark Valley Steak House has complied with the Injunction;

3.       That, pursuant to 15 U.S.C. § 1117, Spark Valley Steak House be held liable for all damages suffered by Sparks Steak House resulting from the acts alleged herein;

4.       That, pursuant to 15 U.S.C. § 1117, Spark Valley Steak House be compelled to account to Sparks Steak House for any and all profits derived by it from its illegal acts complained of herein;

4822-0304-6732, v. 1

5.      That Spark Valley Steak House be ordered pursuant to 15 U.S.C. § 1118 to deliver up for

destruction all menus, stem wear, serving items, labels, signs, prints, packages, wrappers,

receptacles, advertising, promotional material or the like in possession, custody or under the

control of Spark Valley Steak House bearing any mark, name or trademark found to infringe on

Sparks Steak House's trademark rights;

6.      For damages in the amount determined by the Court;

7.      That the Court declare this to be an exceptional case and award Sparks Steak House its

full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

8.      That the Court grant Sparks Steak House any other remedy to which it may be entitled as

provided for in 15 U.S.C. § 1116 and 1117 or under state law; and

9.      For such other and further relief as the Court deems just and proper.

Dated: New York, New York
         August 14, 2017

                                   MICHELMAN & ROBINSON, LLP


                                   By:  /s/ Jeremy D. Richardson
                                   Jeremy D. Richardson
                                   Attorneys for Plaintiff
                                   800 Third Avenue, 24th Floor
                                   New York, New York 10022
                                   (212) 730-7700